NGON KAY et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. June 20, 1912.)

No. 223.

ALIENS (§ 32*)—PROCEEDINGS FOR DEPORTATION OF CHINESE—EVIDENCE CONSIDERED.

The finding of a commissioner and District Court that evidence was insufficient to sustain the claim of Chinese persons that they were born in the United States affirmed.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 93-95; Dec. Dig. § 32.*

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

Appeal from the District Court of the United States for the Northern District of New York.

Proceedings for deportation of Ngon Kay, alias King Kee, and Yik Jin, alias Yik Chung. From an order affirming the decision of the United States Commissioner deporting defendants, they appeal. Affirmed.

R. M. Moore (B. W. Berry, on the brief), for appellants.

George B. Curtiss, U. S. Atty. (Harry E. Owen, Asst. U. S. Atty., of counsel).

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The contention of the appellants was that they were born in San Francisco in 1884 and 1886, respectively, and had ever since lived in this country—in California, Connecticut, and New York. One witness only was called, Wong Gett, who testified that he was their uncle; that he lived in San Francisco when they were born and for some years afterwards; that he came to New York bringing the boys with him, their father having died and their mother having returned to China. He stated in detail the various places where they had lived, giving dates, etc., and identified the defendants as being his nephews. Although the defendants were, as it is asserted, intelligent and able to speak English, they were not called to corroborate their uncle's statements as to their places of residence after they were sufficiently mature to preserve some memory of them. Nevertheless the testimony of the uncle given at the first hearing made out a prima facie case. At an adjourned hearing, however, he was confronted with a sworn statement which he had made some years before and which materially contradicted his testimony as to his own movements. In this earlier deposition he stated that he first came to the United States March 14, 1880, landing at San Francisco where he remained only six weeks, then going to Boston and ever since living in Massachusetts, Rhode Island, Connecticut, and New York. In explanation of these discrepancies he testified that during some clan warfare in San Francisco there had been a murder committed, with which he had

nothing to do; that he was apprehensive he might get in trouble with members of some hostile clan if it were known that he was living in San Francisco at the time of the murder; and that for that reason he stated in his earlier affidavit that he remained in San Francisco only 6 weeks after arrival, instead of 10 years. He thus admitted his willingness to make a false statement under oath, if strong personal interest prompted him so to do.

The commissioner who saw him and heard his testimony reached the conclusion upon such testimony, wholly uncorroborated, that the defendants' birth in San Francisco was not proved, and there is nothing which would warrant this court in overruling the finding of the commissioner and the District Court on that vital issue in the case.

Appellants further contend that the commissioner erred in not granting an application to allow them to put in further testimony, which application was made before any decision by the commissioner. The record is perhaps not as full as it might be, but as we understand it the narrative of events is as follows:

The first hearing was had on November 5, 1910. It then appeared that one Wong Lon, uncle of the witness and great-uncle of defendants, with whom they at one time resided, was living at Hartford, Conn.

The hearing was then adjourned to December 16, 1910, when the witness was confronted with the earlier statement above referred to. At the close of this hearing the case was submitted. Immediately thereafter—apparently within a day or so—it occurred to counsel that this great-uncle Wong Lon could probably corroborate the claim of the defendants that they were born within the United States. Thereupon counsel telegraphed to the commissioner to withhold decision in order to allow him to submit further evidence. Subsequently on January 7, 1911, counsel made an affidavit that Wong Lon was a material witness who would testify that he had known the defendants since their birth and was well acquainted with the place of their birth. He served a copy of this affidavit on the United States attorney with notice of a motion, to be made before the commissioner on January 11, 1911, at 2 p. m., for leave to submit the evidence of Wong Lon. Manifestly the commissioner gave abundant time for defendants to make this application, because as the record shows the case was not decided until January 13, 1911.

Exactly what took place on January 11th the record does not disclose.. Whether counsel appeared in support of his motion, or whether he submitted it upon the notice and his own affidavit of what he had been told the witness would swear to does not appear. It may be assumed, since no such affidavit is found in the record, that the application was not fortified by any sworn statement of the proposed witness, although he lived in Hartford and presumably was easily accessible during the three weeks which had elapsed after counsel concluded that he wished to call him as a witness. All that we find is that on January 13th, "on reading and filing the affidavit (of counsel) and notice of motion for an order reopening the case," the motion was denied.

The inference is that counsel had been given full opportunity to present whatever he could offer in support of the motion.

Assuming the facts to be as set forth above, we are not satisfied that the commissioner erred in denying the motion.

The judgment is affirmed.